IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00696-GPG

DEMETRIUS THOMAS,

    Plaintiff,

v.

INTERNAL CLASSIFICATION COMMITTEE CHAIRMAN,
CUSTODY CONTROL SUPERVISOR,
FACILITY INTELLIGENCE OFFICER,
CASE MANAGER OLIVETT,
TRAVIS TRANI,
EXECUTIVE DIRECTOR CDOC,
OFFICER GRANNIS,
STATE OF COLORADO/CDOC,
MATTHEW DOMINGUEZ,
SEVERAL UNKOWN OFFICERS,
INSPECTOR GENERAL CDOC,
SHERADIN FROM INSPECTOR GENERAL'S OFFICE, and
CORRECTIONS HEALTHCARE MANAGEMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Demetrius Thomas, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Thomas has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights have been violated.  He seeks damages and various other forms of relief including placement in protective custody, an order to stop retaliating against him, an order to stop interfering with mail to and from his family, an order to stop putting poison in his food, an opportunity to participate in rehabilitative

programming, immediate release on special needs parole or other early release, and criminal charges against Defendant Matthew Dominguez.

The court must construe the Prisoner Complaint liberally because Mr. Thomas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Thomas will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Thomas alleges generally that corrupt correctional officers have placed a contract on his life and the lives of his family members and are retaliating against him for asserting his right to be free from cruel and unusual punishment. He contends more specifically that correctional officers have interfered with his personal mail to and from his family, poisoned his food, denied him placement in protective custody, denied him adequate medical treatment, denied him opportunities for rehabilitative programming and early release, and are responsible for his mother's death because a correctional officer provided his mother's address to another inmate who had Mr. Thomas's mother murdered. Mr. Thomas specifically asserts three claims for relief, although the first two claims have multiple subparts, alleging he has been subjected to cruel and unusual punishment and retaliation for exercising his constitutional rights and denied due process and equal protection.

The Prisoner Complaint is deficient because Mr. Thomas fails to allege specific facts in support of his claims against each Defendant that demonstrate he is entitled to relief. Vague and conclusory allegations that his federal constitutional rights have been

violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court Mr. Thomas must identify the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). "The elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted). Furthermore,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on government officials, we have stressed the need

3

> for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Id.* at 1225-26 (internal citations and quotation marks omitted).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). To the extent Mr. Thomas is asserting a § 1983 claim against Corrections Healthcare Management, he also must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

In order to state an arguable equal protection claim Mr. Thomas must allege facts that demonstrate he intentionally was treated differently than similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). "Equal protection of the laws doesn't guarantee equal results for all." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted). Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." *Id.* (internal quotation marks omitted).

With respect to the due process claim, Mr. Thomas must allege facts that demonstrate he intentionally was deprived of a constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. However, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Relevant factors to be considered in determining whether

certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increase the duration of confinement, and whether the conditions are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

With respect to the retaliation claim, prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. Thomas must demonstrate: (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012).

Finally, in order to state an arguable Eighth Amendment claim Mr. Thomas must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson,* 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating

treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

For these reasons Mr. Thomas will be ordered to file an amended complaint that clarifies the claims he is asserting. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Thomas will be directed to file his amended pleading on the court-approved Prisoner Complaint form. Mr. Thomas also must provide an address where each Defendant may be served. Accordingly, it is

ORDERED that Mr. Thomas file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Thomas shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Thomas fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 5, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge