IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00696-GPG

DEMETRIUS THOMAS,

    Plaintiff,

v.

INTERNAL CLASSIFICATION COMMITTEE CHAIRMAN,
CUSTODY CONTROL SUPERVISOR,
FACILITY INTELLIGENCE OFFICER,
CASE MANAGER OLIVETT,
TRAVIS TRANI,
EXECUTIVE DIRECTOR CDOC,
OFFICER GRANNIS,
STATE OF COLORADO/CDOC,
MATTHEW DOMINGUEZ,
SEVERAL UNKOWN OFFICERS,
INSPECTOR GENERAL CDOC,
SHERADIN FROM INSPECTOR GENERAL'S OFFICE, and
CORRECTIONS HEALTHCARE MANAGEMENT,

    Defendants.

---

## ORDER DENYING MOTION

---

This matter is before the Court on the Motion for Preliminary Injunctive Relief (ECF No. 1) filed *pro se* by Plaintiff, Demetrius Thomas. The Court must construe the motion liberally because Mr. Thomas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Thomas is a prisoner in the custody of the Colorado Department of Corrections

at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Thomas has filed a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. On April 5, 2016, Mr. Thomas was ordered to file an amended complaint that clarifies the constitutional claims he is asserting in this action and that includes specific factual allegations in support of those claims. He alleges in the motion for a preliminary injunction that he is in imminent danger of being murdered by other inmates because prison officials have refused his requests to be placed in protective custody.

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the

four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Thomas "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Thomas "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Thomas' vague and conclusory allegations of imminent danger do not demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction. Most importantly, Mr. Thomas fails to allege specific facts that demonstrate he will suffer irreparable injury if no preliminary injunction is issued. As demonstrated by the order directing Mr. Thomas to file an amended complaint, he also fails to allege specific facts in

support of his claims that demonstrate a substantial likelihood of prevailing on the merits in this action.   Accordingly, it is

ORDERED that the Motion for Preliminary Injunctive Relief (ECF No. 1) is denied.

DATED at Denver, Colorado, this   7th   day of   April  , 2016.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court